IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| M&I MARSHALL & ILSELY BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 09-0171-CV-W-GAF |
| | ) |
| TIMBERLAND PROPERTIES, INC. | ) |
| and RANDALL L. ROBB, | ) |
| | ) |
| Defendants. | ) |

## ORDER GRANTING MOTION TO ENFORCE SETTLEMENT AGREEMENT

Presently before the Court is Plaintiff M&I Marshall & Ilsely Bank's ("Plaintiff") Motion to Enforce Settlement Agreement and for Reasonable Attorneys' Fees and Costs Incurred. (Doc. #13). Plaintiff alleges Defendants Timberland Properties, Inc. ("Timberland") and Randall L. Robb (collectively "Defendants") have failed to comply with the terms of a settlement agreement reached on August 5, 2009. *Id.* Defendants oppose, asserting events beyond their control have delayed their ability to fulfill the terms of the agreement. For the reasons set forth below, Plaintiff's Motion is GRANTED.

### DISCUSSION

On March 3, 2009, Plaintiff filed the present case against Defendants, alleging Defendants had defaulted under certain loan documents. (Doc. #1). During a subsequent mediation, the parties executed a settlement agreement, wherein Defendants agreed, in part to (1) sign a confession of judgment in Plaintiff's favor within five (5) days of Plaintiff's counsel providing such document to Defendants' counsel; and (2) close a refinance loan from a third-party lender and pay Plaintiff on or before October 10, 2009. (Settlement Agreement, ¶¶4, 6, 7). Plaintiff agreed to dismiss the present action with prejudice should these, and other terms and conditions, be fully satisfied. *Id.* at

¶5. The agreement also set forth Plaintiff's right to file the confession of judgment should Defendants fail to obtain refinancing on or before October 10, 2009. *Id.* at ¶9.

In their opposition to the pending Motion, Defendants did not address their failure to sign the confession of judgment document. (Doc. #16). However, Defendants did concede they did not obtain a loan to pay off Plaintiff on or before October 10, 2009. (Doc. #16). Defendants represent, without supporting documentation, that a loan application had been approved in September 2009, but just prior to closing this loan, the financial institution approving the loan reversed its decision and rejected Defendants' loan application. *Id.* Defendants further represent that they have a loan application pending before another financial institution and are hopeful it will be approved by mid-December 2009. *Id.*

An agreement to settle a legal dispute is a contract and its interpretation is governed by familiar principles of contract law. *Devils Lake Sioux Tribe v. State of N.D.*, 917 F.2d 1049, 1055 (8th Cir. 1990) (citation omitted). When the terms of a settlement agreement are clear and unambiguous, a federal district court has inherent power to enforce the settlement agreement as a matter of law. *Gatz v. Sw. Bank*, 836 F.2d 1089, 1095 (8th Cir.1988) (citations omitted).

Here, Defendants have breached the explicit terms of the settlement agreement by failing to sign the confession of judgment and failing to remit payment to Plaintiff. While Defendants' purported excuse for their failure to obtain a loan may be truthful, it does not alter the effect of their breach. Further, Defendants have not provided any justification for their failure to sign the confession of judgment. Accordingly, Plaintiff's Motion is GRANTED.[1]

IT IS SO ORDERED.

---

[1] Plaintiff's request for reasonable attorneys' fees and costs associated with filing the present Motion is GRANTED. Plaintiff is directed to file an affidavit and supporting documentation outlining its requested fees and costs on or before December 14, 2009.

                                                                      s/ Gary A. Fenner
                                                                      Gary A. Fenner, Judge
                                                                      United States District Court

DATED:   December 7, 2009